**UNITED STATES of America, Plaintiff,**

v.

**Jerry Hal SALITERMAN, Mara Therese Quinn, Barbara A. Pope, Terry Jon Martin, Defendants.**

**Crim. No. 6–87–101.**

United States District Court,
D. Minnesota,
Sixth Division.

Dec. 7, 1987.

Jon Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for government.

Thomas Kelly, Kelly & Jacobson, Minneapolis, Minn., for defendant Saliterman.

Michael McGlennen, McGlennen and Clemons, Minneapolis, Minn., for defendant Quinn.

Mark Peterson, Peterson and Singer, Minneapolis, Minn., for defendant Pope.

Daniel Scott, Federal Public Defender, Minneapolis, Minn., for defendant Martin.

## ORDER

DEVITT, District Judge.

Defendants have filed various motions taking exception to the magistrate's November 23, 1987, report and recommendation that their motions for suppression of evidence from a wiretap and from searches as well as identification testimony be denied.

### A. Wiretap

Regarding the wiretap, defendants first argue that the warrant was facially deficient because it failed to state, as required by Minn.Stat. § 626A.06, subd. 4(h) and 18 U.S.C. § 2518(5), that interception must cease upon attainment of the objective of the wiretap. Defendants argue that such a warrant is unconstitutional, citing *Berger v. State of New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967) and *United States v. Cafero,* 473 F.2d 489 (3rd Cir. 1973). Neither case supports defendants argument.

*Berger* held a state wiretap statute unconstitutional because, among other things, it placed *no* termination date on the wiretap, leaving termination entirely at the officers' discretion. 388 U.S. at 59–60, 87 S.Ct. at 1884. Defendants do not argue that the statutes involved here are similarly defective.

*Cafero* interpreted § 2518(5) "as *requiring* automatic termination upon attainment of the objective of the authorization *irrespective* of whether a statement to this effect has been included" in the warrant. 473 F.2d at 496 (emphasis added). Thus, *Cafero* contemplates that the constitutional safeguard, expressed in both statutes at issue, that a wiretap must cease upon attainment of the objective is to be given effect even where the warrant fails to include such a provision. The state statute in this case so provides. Minn.Stat. 626A.06, subd. 5. Where, as here, the warrant stated that interception was not to automatically cease as soon as the described communication was first obtained, omission of the statement that interception must cease when the objective is achieved does not make the warrant facially deficient. *United States v. Carubia,* 377 F.Supp. 1099, 1107 (E.D.N.Y.1974).

Defendants next argue that the magistrate applied the wrong law in finding probable cause for the wiretap warrant. Defendants argue that the Minnesota wiretap statute was written with the intention of retaining the *Aguilar–Spinelli* test for probable cause, pointing to § 626A.06, Subdivision 1(f). The court rejects defendants' argument tht Subdivision 1(f), by requiring a wiretap warrant applicant to state the grounds for his beliefs, thereby retains the otherwise-abandoned *Aguilar–Spinelli* test when such a requirement is equally consistent with the widely-applied *Gates* test for probable cause. As found by the magistrate, there was ample probable cause to support the wiretap.

Finally, defendants argue that officers executing the wiretap failed to mini-

mize certain calls as required by the wiretap. The government states that there were some 350 calls which lasted less than two minutes, and that officers were unable to minimize such calls because they could not determine in such a short time that the calls fell outside of the warrant. Defendants, however, contend that in many of these calls the participants identified themselves at the onset of the conversation, that such participants were often not known conspirators, and that continued interception of such calls clearly fell outside of the warrant. Defendants seek suppression of such conversations but fail to identify any particular conversations fitting that description. Absent such a showing, the court finds that minimization procedures were properly employed in this case.

*B. Remaining Suppression Issues*

The court adopts the magistrate's reasoning expressed in her November 23, 1987, report and recommendation in resolving the remaining issues raised by defendants in their suppression motions.

IT IS ORDERED that:

1. Defendants' motions to suppress evidence obtained from the wiretap and various searches is DENIED.

2. Defendants' motion to suppress items seized from defendant Martin upon his arrest (with the exception of keys) is DENIED.

3. Defendants' motion to suppress Martin's post-arrest statements is GRANTED.

4. Defendants' motion to suppress statements made by Martin's counsel during an earlier trial is DENIED.

5. Defendants' motion to suppress eyewitness and in-court identifications is DENIED.